933 F.2d 1007
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Peggy J. BOYD, Plaintiff-Appellant,
v.
Beverly FURNARI, Michael Furnari, Fairview Construction,
Incorporated, Defendants-Appellees.
 No. 90-2242.
 United States Court of Appeals, Sixth Circuit.
 May 24, 1991.
 
 1
 Before RALPH B. GUY, Jr. and DAVID A. NELSON, Circuit Judges, and HIGGINS, District Judge.*
 
 ORDER
 
 2
 Peggy J. Boyd, a pro se Michigan plaintiff, appeals the district court's order granting summary judgment for the defendants in her complaint filed under Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000e et seq. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking monetary relief, Boyd sued the defendants Fairview Construction (Fairview), its president, and its vice-president for money she alleged is owed her by Fairview for services performed as a project monitor. Boyd, a black woman, alleged that Fairview's refusal to pay her is based solely on her race. Boyd exhausted her administrative remedies by filing a charge of discrimination with the U.S. Equal Employment Opportunity Commission (EEOC). On November 7, 1989, the EEOC issued a right to sue letter, citing a lack of jurisdiction over Boyd's complaint because no employer-employee relationship existed between her and Fairview.
 
 
 4
 The defendants moved for summary judgment on four separate grounds and submitted exhibits tending to establish that Boyd was actually employed by a subcontractor, TJR Building and Construction Company (TJR), rather than by Fairview, the general contractor. Boyd filed a response to the defendants' motion with a supporting affidavit. On the same day, Boyd filed a "First Amended Complaint" which alleged that Fairview refused to pay her because of her race and/or sex, added a claim under Michigan's Elliott-Larsen Civil Rights Act, and sought $55,600 in damages. The district court did not grant leave to amend and Boyd does not appeal this issue.
 
 
 5
 In an order entered October 10, 1990, the district court granted the defendants' motion for summary judgment because no employer-employee relationship existed between the parties, as required by the Act. The court found that Boyd's admissions in a prior state court complaint established that her contractual relationship was with TJR, rather than with Fairview, and that she may not now create an issue of material fact by filing an affidavit to the contrary.
 
 
 6
 On appeal, Boyd argues that the district court wrongfully concluded that admissions of a contractual relationship with a subcontractor of Fairview's precluded her from showing the existence of an employment relationship with Fairview. She requests a transcript at government expense in her brief and has submitted a motion for the appointment of counsel and for waiver of filing a joint appendix unless and until counsel is appointed.
 
 
 7
 Upon review, we affirm the district court's grant of summary judgment because there is no genuine issue of material fact and the defendants are entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).
 
 
 8
 Accordingly, Boyd's motion for counsel and request for a transcript at government expense are denied. The motion to waive the filing of an appendix is granted. The district court's order, entered October 10, 1990, is hereby affirmed for the reasons stated by the district court. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Thomas A. Higgins, U.S. District Judge for the Middle District of Tennessee, sitting by designation